White, J.
The question in this case is, whether cumulative or supervenient disabilities come within .the meaning of, or are embraced by our act of 1715, ch. 27, sections 5 and 9.
The operative clauses and words in these sections', considered by the argument as the most important in eliciting the true meaning and fixing the right construction of the act, are in the former or fifth section, “all actions of trespass, detinue,- &c. shall be commenced or brought within the time and limitation in this act expressed, and not after: that is to say, actions of detinue, &c. within three years next after the cause of such action or suit, and not after.” And in the latter or ninth section, “that if any person or persons, that is or shall be entitled to any such action of detinue, &c. be, or shall be, at the *259 time any such cause of action given or accrued, fallen or come within the age of twenty-one years, feme covert, non compos mentis, imprisoned, beyond the seas, that then such person or persons shall be at liberty to bring the same -actions, so as they bring the same within such times as are before limited, after their coming to or being of full age, discovert, of sound memory, at large, or returned From beyond seas, as other persons, having no such impediment, might have done.” (That is, three years, the same time as is allowed in the fifth section.)
■ The effect and general policy of this act, is the subjecting law suits to the regulations of time. This policy has been approved of hjr the greatest men; it has been adopted centuries ago in that country from which we derive, 3n a great measure, the principles of our laws. It has been adopted by every State in the United States, differing only in its details, from its being in them made subservient to circumstances, and accommodated to the state of their respective societies. This policy, thus adopted by legislative enactments, has been cherished by the most eminent persons presiding in the courts of justice in the country alluded to, and in the courts of these States, in their constructions of the statutes containing the respective regulations. And one voice, with scarcely a dissen-tient, has pronounced them beneficial, salutary, and important for the public good. It is unnecessary for me to repeat here the particular grounds assigned for this policy, or the instances of approbation bestowed upon it; they are laid down in the best books, several of which were cited at the bar, coming from men the most respectable, the pride and honor of the stations they adorned from time to time, and from age to age, as the occasion for remark presented itself. I shall, therefore, after the general reference now made, forbear quoting further instances in addition to those at the bar, and proceed to our own act; and in it we shall find the policy of regulating law suits by time, a favored policy of our legislature of 1715, *260 which having stood unchanged, even in the smallest circumstance, from that time down to the present day, is a strong confirmation of the wisdom of its policy, conjoined with an approbation of its continuance.
The object of the fifth section is to prescribe the length of time given to the party to bring his action, who may have a right to do so, and the commencement of that time. If the act is not complied with in this respect, the noncompliance operates a bar, to the action, if brought after-wards. This is the jiolicy of the State, declared by this fifth section, binding on all the citizens as its general rule by which they shall be regulated in bringing actions. The words are, “within three years next after the cause of such action or suit, and not after,” constituting a clear expression of the fule, both as to the commencement of the time and its duration. •
The object of the ninth section is a partial abridgment of the operation of the general rule of the 5th section; constituting exceptions thereto, in the cases specified, to wit, infancy, coverture, non-sane memory, imprisonment, and beyond seas. It gives to those existing under these disabilities, at the time of any such cause of action given or accrued, liberty to bring the same actions, so. as they bring them within such times as are before limited, after their coming to or being of full age, discovert, of sound memory, at large, or returned from beyond seas, as other persons having no such impediment might have done. On this section tlie argument hath mostly dwelt; yet I am not able, to perceive any obscurity in its diction. The expression is clear, precise, and unequivocal. Let us,analyze it. It gives to whom? to any person or persons that be or shall be fallen or come within the age of twenty-one years, feme covert, imprisoned, non compos mentis, beyond the seas. At what time are they to be fallen and come within the age of twenty-one years of age, &c? At the time of any such cause of action given dr accrued. What does it give to them? Liberty to bring *261 the same actions. On what condition? So as .they bring them within such times as are before limited, after their coming to, or being of full age, discovert, of sound memory, at large, or returned from beyond the seas, as other persons having no such impediment might have done.
I am not able to discover grounds for doubt, much less to see this section in the point of view it is presented by the plaintiffs’ counsel, namely, that the time given to bring suit by the proviso is suspended, not on the first disability only, but also upon any supervening disability or impediment, if still existent, the first disability at the accession of the supervening one. This section speaks, and speaks only of an impediment or disability existing at a certain particular time, and, that is at the time the cause of action given or accrued. A second, subsequent and supervenient disability, is not this impediment or disability; it cannot be it, and therefore is not within the statute. It is not within its words, and certainly not within its spirit or policy. And to bring a case within a statute which is not within its words, the application for this purpose must at the least be supported, and that strongly, by other parts of the statute in “opposition to such words; but no such opposition of parts of the same statute presents itself here.
The cause of action given or accrued in the act is single, exists but once, and continues its existence till extinguished by satisfaction or bar. It cannot be branched out and expanded, or lie dormant, be afterwards resuscitated and spring up a new prop for the second time, to ■support a second or supervening disability, from which the statute shall commence its running. For the statute in all cases runs from the time the cause given or accrued; and the proviso protects the remedy during the continuance of the disability existing then at the time of such cause of action so given or accrued. This is the acknowledged doctrine of the English, as well as the American cases. See Cotterel vs. Dutton, 4 Taunt. 826, and *262 Tolson vs. Kaye, 3 Brod. and Bing. 217. In which last case cinei justice Dallas says oí the first case, ‘‘it is an authority in point to show that the statute runs from the time the title first descends or falls.” And in Bunce vs. Woolcot, 2 Con. Rep. chief justice Swift says, “the .proposition is not correct, that the statute never begins to run against a person under a disability; suppose that the party claiming is an infant when the title accrues, if fifteen years run during his infancy, he has but five years after he comes of full age to make his entry. This clearly shows that the statute operates against him during his disability. Indeed, the statute always begins to run against a man the moment he is disseized, whether he is under disability or not. All the difference is that the additional time is allowed when a disability exists, after the removal of it. Hence it follows, says he, that no person can ever lake the benefit of two successive disabilities.”
The statute of 21 Jac. I, ch. 14, upon writs of forme-don and rights of entry, has been observed upon in the argument, and the diction in that statute of “provided such person that is or shall be entitled to such writ or writs, or that hath or shall have such right or title of entry, be, or shall be, at the time such right or title first descended or accrued, come or fallen within the age of twenty-one years, &c. such person may bring his action, &c. within ten years next after his full age, discoverture, &c. or death, take benefit, &c.” Upon this it has been argued that the word “first,” and the words “or death,” not being in our act, constitutes a difference, and it is therefore inferred that the diction of our act of “be or shall be, at the time of such cause of action given or accrued,” omitting the word “first,” leaves an opening for the accession of supervening or cumulative disabilities, unrestrained, and not excluded by that word “first,” in the statute of James, the statute of Connecticut, the statute of Massachusetts, &c. on which statutes the above cases and others cited, are adjudications. The third and *263 fourth sections of our statute of 1715, correspond to the statute of James, cited, and like it have the word “first.” The third chapter of the statute of James, corresponds to the 5th and 9th sections of our statute, on which the present case depends, and like our statute omits the word “first.” No English case has been cited on the corresponding part of the English statute of limitations; but taking the cases cited upon writs of formedon, and rights of entry, as strictly applicable, what do they prove upon the present question, or in other words what is the difference between “right or title first descended or accrued,” and “right or title descended or accrued?” In both, one and the same right and title is spoken of, and how a difference is to be made out, I cannot comprehend. The act of a right or title descending or accruing, is in its nature single and entire, incapable of division and separation, and its time a point not susceptible of expansion or prolongation. The term “first” suggests, and if rightly used admits its contrast and correlative “last;” and how a single act, in its action as to time instantaneous, can admit with reference to itself, a comparison by the degrees first and last, is to my mind inconceivable. I am therefore compelled to accede to the argument of the defendant’s counsel, that the use of the word first is merely tautological in this clause of the statute, without efficacy, and that the better grammar is its omission.
The word death is equally inefficient; the cases of Doe vs. Jesson, 4 Term, and Cotterel vs. Dutton, prove this. If death could extend the commencement of the time given by the statute beyond the termination of the disability, existent at the time the right accrued, then the doctrine of these cases would be erroneous: but so far from this, their doctrine whenever applicable, has been recognized and approved in the courts of this Union. In the first of these cases, Lord Ellenborough, in making an application of the ten years, or time after the removal of the disability, to the death, expressly annexes it to the *264 ^eat-^ person dying under that disability, which existed'in him at the time the right accrued. Now in such a case tjle js inoperative per se, for the discontinu-anee of the disability by the statute gives limitation to the time, independent of the death; death, therefore, is an adjunct, purely inefficient and of no import. If there were room to doubt on this, the last case is express.— Chief justice Mansfield says, the daughter and infant "heir of a feme covert, has ten years after the -disability ceases, not from the death of the mother. Nothing-, therefore, can be drawn from the wording of these statutes-that af' fects the construction of our statute, . -
Catron, J.
The question presented in this cause is one to me very familiar.’ I think it involved in difficulty to a considerable extent by the North Carolina decisions,but especially by the cause in 4 Haywood’s Reports,-of Wilson and Kilcannon, which held, accumulative disabilities in the same person might be run into each other. The strict letter of the statute is otherwise. The question should be settled: I therefore concur that infancy and coverture, cannot be tacked to save the bar.
Green, J.
The question upon these facts is, whether the coverture.of Polly can be added to her infancy, so as to save the operation of the statute of limitations. The other members of the court concur with me in the opinion that it cannot. I refer to my opinion in the case of Guion’s lessee vs. Burton and others, decided at the present term, and deem it unnecessary to enter into a discussion of the question here.
Decree affirmed.